IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAYLON SANDIFER, by and through his Parents
and Next Friend, LOVELL SANDIFER, JR., and
CATHY SANDIFER; and LOVELL SANDIFER, JR., and
CATHY SANDIFER, Individually                                         PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 2:06cv213KS-MTP

LUMBERTON PUBLIC SCHOOL DISTRICT                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Dismiss **[#5]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds that the motion is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

In their Complaint, the plaintiffs allege that the Lumberton Public School District failed to provide Jaylon Sandifer, as a first grader, with appropriate educational services and support. The plaintiffs seek relief under the Individuals with Disabilities in Education Act ("IDEA") and under 42 U.S.C. § 1983. The defendant has moved to dismiss the plaintiffs' claims due to their failure to exhaust administrative provided through federal and state law and implementing regulations.

**STANDARD OF REVIEW**

A Rule 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts. If the court considers external matters to the pleadings the allegations of the complaint need not be taken as true. If the factual matters considered outside the pleadings are undisputed, the court need not make specific factual findings for the record. Conversely, if the court is called upon to make factual determinations to support its order, they should be stated specifically. *See, Williamson v. Tucker, supra*.

**ANALYSIS**

The IDEA requires states to establish "procedural safeguards," i.e., administrative remedies, including an opportunity for parents to present complaints and to request a due process hearing. 20 U.S.C. §1415(a). Mississippi has done so through Miss. Code Ann. §37-23-143(1), which provides;

> When any public agency directly responsible for the education of children with disabilities initiates or refuses to initiate or change the identification, evaluation, or educational placement of the child or the provisions of a free appropriate public education to the child, the parent of a child with a disability or the agency shall have the opportunity to request a state-level impartial due process hearing.
>
> Miss. Code An. §37-23-143(2), in turn, places the responsibility of promulgating

"rules and regulations consistent with the requirements under IDEA to establish a system for the provision of state-level impartial due process hearings" with the Mississippi Deparment of Education ("MDE").  The Mississippi Deparment of Education has followed this directive and promulgated "Procedural Safeguards: Due Process Procedures for Parents and Children" ("the safeguards").  The safeguards explain the process for requesting an impartial due process hearing and an explanation of the procedural aspects of such hearings.

Parents are required to provide the Superintendent of the local school district with written notice of a request for a due process hearing and include specific information in that notice, such as a description of the problem, the facts related to the problem and a proposed resolution to the problem to the extent known and available to the parents.  At that point, MDE will offer to conduct mediation between the parties.  If either party refuses mediation or if mediation fails, the parties proceed with the due process hearing.  During the hearing, both parties may be represented by legal counsel and may present evidence and confront, cross-examine and compel the attendance of witnesses.  A hearing offcer appointed by MDE conducts the hearing and provides a written decision.  Either party may obtain a written or electronic verbatim record of the hearing.

The safeguards also provide that "[t]he decision made by the hearing officer shall be final, except that any party aggrieved by the findings and decision shall have the right to bring civil action with respect to the issues of the due process hearing." Miss. Code AM. §37-23-139 affords an additional complaint procedure for issues unrelated to a due process hearing: "[t]he State Department of Education shall establish the

necessary rules and regulations in accordance with IDEA to provide for an organization or individual to file a signed written complaint with respect to a violation of federal or state regulations by a local educational agency relating to the identification, evaluation, or educational placement of a child, or the provision of a free appropriate education to such child."  The MDE has established such rules and regulations in its "Complaint Procedures."

The Complaint Procedures provide that "[a]n organization or individual may file a signed written complaint with MDE.  The complaint must include a statement that a public agency providing special education and related services has violated a requirement of Part B of the Individuals with Disabilities Education Act, or State regulations regarding children with disabilities, and the facts on which the statement is based."  The Complaint Procedures explain what steps the MDE will follow after receiving such a complaint.

Section 1415(1) of the IDEA further provides that, although "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution. . .", a plaintiff must exhaust his administrative remedies under the IDEA before filing claims under other laws, including 42 U.S.C. § 1983.  20 U.S.C. § 1415(1).  *See, e.g., Marc v. North East Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 592 (W.D. Tex. 2006) (dismissing § 1983 claim asserted under IDEA for failure to exhaust administrative remedies); *Oliver v. Dallas Indep. Sch. Dist.*, No. Civ. A. 3:01-cv-2627, 2004 WL 1800878, at *2 (N.D. Tex., Aug. 11, 2004) (same); *Comeaux v. Tangipahoa Parish Sch. Ed.*, No. Civ. A. 00-2836, 2001 WL 175230, at *2 (E.D. La., Feb. 20, 2001) (noting that the Fifth Circuit affirmed, in a decision without a reported

opinion, *Efferson v. Sch. Ed. of Caddo Parish*, 77 F.3d 478 (5th Cir. 1996), an unpublished Western District of Louisiana decision that required exhaustion of §1983 IDEA covered claim). It is, therefore, well settled that the IDEA requires a party to exhaust his or her administrative remedies before bringing a civil action in federal court. 20 U.S.C. § 1415(1). *See Gardner v. Sch.Ed. of Caddo Parish*, 958 F.2d 108, 111 (5th Cir. 1992) (dismissing IDEA claim for failure to exhaust administrative remedies); *Flores v. Sch. Ed. of DeSoto Parish*, 116 Fed. Appx. 504, 511-12 (5th Cir. 2004) (same). "The IDEA's exhaustion requirement serves a number of policy objectives: it allows deference to agency expertise in resolving educational matters; it gives the agency a first opportunity to correct errors; it presents courts with a more fully developed record; and it prevents parties from deliberately disregarding the statute's comprehensive procedures and remedies." *Marc v. North East Indep. Sch. Dist.*, 455 F. Supp.2d at 592 .

In this case, the plaintiffs failed to plead exhaustion of administrative remedies and have not argued to the contrary. Neither the Complaint nor the brief in opposition to this motion contain any indication that the plaintiffs sought a due process hearing or filed a written Complaint with the MDE. Nor do the plaintiffs contest that the IDEA in fact requires them to exhaust their administrative remedies prior to filing a civil action. Instead, they argue, without support, that they should not be required to do so because pursuing administrative remedies would have been "futile."

The party asserting the futility defense bears the burden of proving that exhausting administrative remedies would have been futile. *Gardner v. School Bd.*

*Caddo Parish*, 958 F.2d at 112, *citing Honig v. Doe*, 484 U.S. 305, 327, 108 S. Ct. 592, 606 (1988).  In *Gardner*, the plaintiffs sought to change a school board policy limiting the taping of parent/teacher conferences.  In their opposition to the motion to dismiss, the plaintiffs offered affidavits from school board members in which the rationale for the tape-recording policy was stated.  *Id.* at 112.  The plaintiffs also argued that they had tried to negotiate with the school board and the school board had refused.  While recognizing that the plaintiffs had offered some evidence in support of their futility defense, the Fifth Circuit still held that dismissal was appropriate.  Significantly, the court noted that the plaintiffs failed to even allege that an appeal to the state administrative agency would have been futile.  *Id.*

In the present case, the plaintiffs have failed to offer any evidence in support of their futility defense.  Instead, they merely set forth conclusory allegations in their Opposition Brief.  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).  Furthermore, although the plaintiffs allege (without factual or evidentiary support) that Lumberton Public School District failed to provide services set forth in the Individualized Education Program ("IEP"), nowhere do they even allege that an appeal to the state department of education would have been futile.   Nor have the plaintiffs cited any relevant legal opinions in support of their futility argument.  Therefore, in accordance with the Fifth Circuit's ruling in *Gardner*, the Complaint must be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#5]**

filed on behalf of the defendant is Granted and the Complaint is dismissed without prejudice and that any other pending motions are dismissed as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

    SO ORDERED AND ADJUDGED this the 16th day of July, 2007.

                                     *s/Keith Starrett*
                                     UNITED STATES DISTRICT JUDGE